United States District Court
Eastern District of New York
-------------------------------------------------------------------X          2:17-cv-05192
Houman Khallili, individually and on behalf of
all others similarly situated,

                         Plaintiff,

          - against -                                                  Complaint

True Me Brands, LLC, Big Prickly, LLC, Big Prickly
Real Estate Holdings, LLC, True Nopal Ventures, LLC
and True Nopal Holdings, LLC,

                         Defendants.
-------------------------------------------------------------------X

        Houman Khallili ("plaintiff"), individually and on behalf of all others similarly situated,

by attorneys, alleges upon information and belief, except for those allegations pertaining to

plaintiff, which are based on personal knowledge:

        1.      True Me Brands, LLC ("defendant Brands"), Big Prickly, LLC ("defendant

Prickly"), Big Prickly Real Estate Holdings, LLC ("defendant Prickly RE"), True Nopal

Ventures, LLC ("defendant Ventures") and True Nopal Holdings, LLC ("defendant

Holdings") (collectively, "defendants") manufacture, distribute and sell beverage products

under the "True Nopal" brand name, including "True Nopal Cactus Water" (the "Product").

        2.      The past decade has seen a public backlash against carbonated soft drinks,

based largely on the harmful effects of added sugar, resulting in attempts at taxing such

products and limiting their consumption by children.  The anti-sugar efforts have also

targeted traditional fruit juices, which have high naturally occurring levels of sugar.

        3.      Public health officials regularly advise against consumption of calorie- and

sugar-laden beverages and tout water as the hydration alternative of choice.

        4.      A new category of beverage products has emerged to capitalize on declining

soda and fruit juice sales.    These products are generally derived from aqueous liquid

expressed from a novel fruit or vegetable, emphasize their hydration properties with claims

of health benefits, have lower calories compared with standard apple and orange juices, sport

a "clean label" reflecting relatively few ingredients and minimal processing and are self-

identified by the inclusion of the word "water" in the product's name following the name of

the characterizing fruit or vegetable.

5.    The Products are sold in various sizes, including 16.9 ounces (500 ml) and

are sold by third-parties in brick-and-mortar stores and online.

6.    The Products' advertising and labeling represents that it contains aqueous

liquid expressed or extracted[1] from the prickly pear cactus because the principal display

panel contains vignettes of said cactus, a circular icon stating "Made With Fruit Of The

Prickly Pear Cactus," and the descriptive term or common or usual name attributed to the

Product of "Cactus Water."

7.    When a reasonable consumer observes a label for a product which contains

aqueous liquid expressed or extracted from fruits or vegetable unaccompanied by a term

such as "from concentrate" or "reconstituted," the reasonable expectation is that the product

is not from concentrate.

8.    Because "Cactus Water" on the front label is not accompanied by such a term,

the reasonable expectation is that it is not from concentrate.

9.    However, since the ingredient statement indicates aqueous liquid of the

subject fruit or vegetable from concentrate, the Product's name is false and misleading.

10.    Defendants' representations include unsubstantiated and unauthorized claims

---

[1] "juice"

relating to the nutrient content and salutary health effects of consuming the Products, which plaintiff and class members relied upon in purchasing the Products.

11.    The Product costs approximately between $2.99 to $5.99 per 16.9 ounces, excluding tax, a premium compared to other products.

## Jurisdiction and Venue

12.    Jurisdiction is proper pursuant to 28 USC § 1332(d)(2).

13.    Upon information and belief, the aggregate amount in controversy is in excess of $5,000,000.00, exclusive of interests and costs.

14.    This Court has personal jurisdiction over defendants because they conduct and transact business, contract to supply and supply goods within New York.

15.    Venue is proper because plaintiff and many class members reside in this District and defendants have been doing business in this District and in New York.

16.    A substantial part of events/omissions giving rise to the claims occurred in this District.

## Parties

17.    Plaintiff is a citizen of Nassau County, New York.

18.    Defendants are limited liability companies organized under the laws of Delaware, with their principal places of business in Scottsdale, Arizona, with membership comprised of Arizona citizens.

19.    Defendants are jointly and severally liable because they operate in a common enterprise of producing and selling the Products, share assets, resources, officers, executives, principals and members in common, operate from the same physical locations and are controlled jointly and in unison.

20.     In 2017, plaintiff purchased True Nopal Cactus Water for no less than $4.59, excluding tax, at a store within this District.

21.     Plaintiff paid a premium for the Product because prior to purchase, he saw and relied upon the representations that the Product was not from concentrate and possessed ancillary benefits, intended to consume a product which had attributes and features so represented, and opted against buying less expensive juice products not so represented.

Class Allegations

22.     Defendants' representations uniformly impacted consumers.

23.     The class is all consumers in all states who purchased any of the Products during the period within the applicable statutes of limitations.

24.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

25.     The class is so numerous that joinder of all members is impracticable, as plaintiff believes there are hundreds of thousands of class members.

26.     Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if plaintiff and class members are entitled to damages.

27.     Plaintiff's claims are typical to other members' because all were subjected to the same representations and the basis for relief is common to all members.

28.     Plaintiff is an adequate representative because his interests do not conflict with other members and he seeks to vindicate his rights.

29.     Plaintiff's counsel is competent and experienced in complex class action litigation of consumer issues and intends to prosecute this action to adequately and fairly

protect class members' interests.

30.    No inquiry into individual conduct is necessary since the focus is only on defendants' practices and the class is definable and ascertainable.  Individual actions risk inconsistent adjudications, would be repetitive and burdensome and are impractical to justify, as the individual claims are modest.

31.    Plaintiff seeks injunctive relief because the practices continue, with the injunctive class maintained as a class action, as it meets the non-injunctive class criteria.

<u>Violation of New York General Business Law § 349</u>

32.    Plaintiff repeats and realleges each and every allegation contained in all foregoing paragraphs as if fully set forth herein.

33.    Defendants' acts or practices are not unique to the parties and have a broader impact on the public.

34.    Defendants' labeling and naming of the Products as "Cactus Water" omitted any terms indicating the aqueous liquid obtained from the subject fruit or vegetable was from concentrate, as a part of or adjacent to the Product's name.

35.    Plaintiff and class members intended to purchase the Products because they believed it was not from concentrate and relied upon defendants' omissions of material facts, thereby paying more than they would have paid and not receiving all they bargained for.

36.    As a result, plaintiff and class members are entitled to damages.

<u>Violation of New York General Business Law § 350</u>

37.    Plaintiff repeats and realleges each and every allegation in all foregoing paragraphs as if fully set forth herein.

38.    Defendants' advertising, labeling, packaging and representations of the

Products are not unique to the parties and have a broader impact on the public.

39.     Defendants' representations are misleading because consumers are accustomed to being informed of whether an aqueous liquid expressed or extracted from a fruit or vegetable is from concentrate on the front label, such that when a product's name, lacks any qualification that it is made from concentrate, it is reasonable to believe it is not from concentrate.

40.     Plaintiff and class members relied upon defendants' advertising, paying more for the Products than they would have and not receiving all that they bargained for.

41.     As a result, plaintiff and class members are entitled to damages.

## Fraudulent Misrepresentation

42.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

43.     Defendants knowingly represented the Products as "Cactus Water" which was intended to be understood by consumers as liquid expressed or extracted from the subject fruit or vegetable.

44.     Defendants were aware the Products consisted of aqueous liquid from the subject fruit or vegetable, which was from concentrate or reconstituted, yet did not state as much next to or as a part of the Product's name.

45.     Defendants' representations were reasonably relied upon by plaintiff and class members, who paid a premium for the Products greater than what they would have paid and did not receive all they bargained for, thereby suffering damages.

## Fraud

46.     Plaintiff repeats and realleges each and every allegation contained in the

foregoing paragraphs as if fully set forth herein.

47.    Defendants' representations of the Product's name omitted required information indicating that the aqueous liquid obtained from the subject fruit or vegetable was from concentrate or reconstituted, rendering such representations false and misleading because the ingredient statement declares the subject liquid is from concentrate.

48.    Defendants were required to affirmatively indicate, as a part of the Product name or adjacent to it, that the aqueous liquid derived from the subject fruit or vegetable and present in the Product was made from concentrate or reconstituted.

49.    Defendants intended to induce consumer reliance on these representations because they knew that a Product name such as "Cactus Water From Concentrate" or "Reconstituted Cactus Water" would be redundant and confusing to consumers.

50.    The benefits to defendants of not indicating the true nature of the Product in the required places outweighed the negative effects of a Product's confusing name.

51.    This omission and representation was material because the reasonable consumer will not look beyond the place on the product where the qualifying statement is supposed to be, and when they observe the absence of such statement, will conclude the aqueous liquid obtained from the subject fruit or vegetable is not from concentrate.

52.    Defendants' actions give rise to and support a strong inference of fraudulent intent, which entitle plaintiff and class members to damages.

### Implied Warranty of Merchantability

53.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

54.    Defendants manufacture, distribute and sell aqueous liquid derived from the

subject fruit or vegetable and warranted to plaintiff and class members that the Products were

not from concentrate nor reconstituted, by not including required qualifying information that

the Products were from concentrate or reconstituted.

55.     The Products do not conform to the affirmations of fact and promises on the

Products and the accompanying literature, wholly due to defendants' actions.

56.     As a result of breaching the implied warranty of merchantability, plaintiff and

class members were damaged in the amount paid for the Products.

Unjust Enrichment

57.     Plaintiff repeats and realleges each and every allegation contained in the

foregoing paragraphs as if fully set forth herein.

58.     Defendants obtained benefits and monies because the Products were not as

represented, to the detriment and impoverishment of plaintiff and class members, who seek

restitution and disgorgement of such inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, plaintiff, on behalf of himself and all others similarly situated, prays for

judgment:

1. Declaring this a proper class action and certifying plaintiff as class representative;

2. Entering preliminary and permanent injunctive relief and directing defendants to correct
   their practices to comply with the law;

3. Awarding monetary damages and interest, including treble and punitive damages, pursuant
   to the common law claims and GBL §§ 349, 350;

4.  Awarding plaintiff and class members costs and expenses incurred, including reasonable

    allowance of fees for plaintiff's attorneys and experts; and

5.  Such other and further relief as the Court deems just and proper.

Dated:  September 3, 2017

                                        Respectfully submitted,

                                        Levin-Epstein & Associates, P.C.

                              By:    /s/ Joshua Levin-Epstein
                                     Joshua Levin-Epstein
                                     1 Penn Plaza, Suite 2527
                                     New York, NY 10119
                                     Tel: (212) 792-0046
                                     Fax: (212) 563-7108
                                     joshua@levinepstein.com

                                     Sheehan & Associates, P.C.

                              By:    /s/ Spencer Sheehan
                                     Spencer Sheehan
                                     891 Northern Blvd., Suite 201
                                     Great Neck, NY 11021
                                     Tel: (516) 303-0552
                                     Fax: (516) 234-7800
                                     spencer@spencersheehan.com

2:17-cv-05192
United States District Court
Eastern District of New York

Houman Khallili, individually and on behalf of all others similarly situated,

        Plaintiff,

    - against -

True Me Brands, LLC, Big Prickly, LLC, Big Prickly Real Estate
Holdings, LLC, True Nopal Ventures, LLC and True Nopal Holdings, LLC,

        Defendants.

## Complaint

Levin-Epstein & Associates, P.C.
1 Penn Plaza
Suite 2527
New York, NY 10119
Tel: (212) 792-0046
Fax: (212) 563-7108
joshua@levinepstein.com

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  September 3, 2017
      New York, New York

                        /s/ Joshua Levin-Epstein
                        Joshua Levin-Epstein