**Levin-Epstein & Associates, P.C.**
1 Penn Plaza, Suite 2527
New York, NY 10119
Tel: (212) 792-0046
Fax: (212) 563-7108
joshua@levinepstein.com

---

December 4, 2017

Hon. Arlene R. Lindsay
Magistrate Judge
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, NY 11722

                Re:    Khallili v. True Me Brands et al.
                         Case No.  2:17-cv-05192 (LDW) (ARL)

Dear Judge Lindsay:

       This office represents the above-named plaintiff.  This action was commenced by the filing of a summons and complaint on September 4, 2017.  ECF 1.  On November 22, 2017, plaintiff filed the executed waivers of service for defendants True Nopal Ventures, LLC and True Me Brands, LLC.  ECF 5-6.

       However, service of process for the remaining three defendants – Big Prickly, LLC, Big Prickly, Real Estate Holdings, LLC, and True Nopal Holdings, LLC – has not been completed despite the running of 90 days following the filing of the complaint.  Fed. R. Civ. P. 4(m).

       On November 1, 2017, plaintiff mailed the Notice of a Lawsuit and Request to Waiver Service of a Summons, two copies of the Waiver of the Service of Summons, Complaint, Summons, Civil Cover Sheet and a prepaid means of returning one signed copy of the waiver to the registered agent of the three remaining defendants.  As of today, plaintiff has not received signed waivers.

       On November 6, 2017, the first step in service on the three defendants was completed under Limited Liability Company Law ("LLCL") § 304, as said defendants are limited liability companies not authorized to do business in New York.

       On November 29, 2017, after receipt of the affidavits of service indicating delivery of the process to the New York Secretary of State, plaintiff sent notice of the process and the process itself to the registered agents for the three defendants by registered mail, return receipt requested.  LLCL § 304.  The return receipts have not been delivered to plaintiff, yet which is why affirmations of compliance have not been filed with the Court.

Based upon communications between plaintiff and counsel for the defendants who returned the waiver, it is expected that the parties will reach a resolution to this action without requiring any involvement by the Court. It is expected that settlement documents should be completed within thirty (30) days at which point plaintiff will file a notice of voluntary discontinuance against all defendants. Fed. R. Civ. P. 41.

Plaintiff respectfully requests an extension of thirty (30) days to complete service on the remaining defendants, until Wednesday, January 3, 2018. This will not prejudice the remaining defendants because it is anticipated the action will be discontinued with prejudice against all defendants upon execution of agreement between the defendants who have waived service and plaintiff. Thank you.

    Respectfully Submitted,

    /s/ Joshua Levin-Epstein
    Joshua Levin-Epstein

cc: Via first-class mail and email

    Rick L. Shackelford (shackelfordr@gtlaw.com)
    Greenberg Traurig, LLP
    1840 Century Park East
    Suite 1900
    Los Angeles, CA 90067

    Counsel for defendants
    True Nopal Ventures, LLC and
    True Me Brands, LLC